**UNITED STATES of America**

**v.**

**William Edward RABB et al.**

**Appeal of James PHILLIPS, Appellant.**

**No. 71–1369.**

United States Court of Appeals, Third Circuit.

Submitted Nov. 30, 1971.

Decided Jan. 5, 1972.

John J. Flynn, Brick, N. J., for appellant.

William Braniff, Asst. U. S. Atty., Newark, N. J. (Herbert J. Stern, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before SEITZ, Chief Judge, and KALODNER and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal by James Phillips from a conviction for robbing a federally insured bank, and for placing lives in jeopardy during that robbery in violation respectively of 18 U.S.C. § 2113(a) and (d) (1971). He was tried with a co-defendant, William Rabb, and both were convicted. In United States v. Rabb, 453 F.2d 1012 (3d Cir., filed December 10, 1971) we reversed Rabb's conviction on the ground that the district court's refusal, over objection, to comply with the jury's request to have read back to it the crucial testimony of an eye witness, and the court's subsequent substitution of its own recollection of that testimony, was in the circumstances reversible error. In that opinion we said:

"Since the testimony requested by the jury went to the very heart of the case, could not have lead to an unjust emphasis on this testimony to the exclusion of other relevant testimony, and was not unduly long, we hold that it was error for the district court to deny the jury's request."

Phillips as well as Rabb was the subject of the identification testimony. His case for reversal is not as strong as Rabb's, since in addition to the identification testimony there is circumstantial evidence consisting of his fingerprints on a car identified as having been used by the robbers in their getaway from the bank, and on a shotgun dropped at the scene of the crime. Had Phillips been tried alone we might well have regarded the court's error in refusing to have read back the requested testimony as harmless within the meaning of Fed. R.Crim.P. 52(a). But, except for the fingerprint evidence, Rabb and Phillips were identically situated, and both objected to the court's treatment of the jury's request. Although the identification testimony against Phillips was corroborated by the fingerprints, it was nevertheless crucial. The fair administration of justice suggests that in these circumstances Rule 52(a) should not be applied, and that Phillips as well as Rabb should receive a new trial.

The judgment of the district court will be reversed and the case remanded for a new trial.